IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAMIA JAMISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-02354-JPM-atc |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

Before the Court is the Report and Recommendation of United States Magistrate Judge Annie T. Christoff, entered on December 11, 2024. (ECF No. 21.) Also before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendant Federal Express Corporation ("Defendant" or "FedEx"). (ECF No. 13.) The Magistrate Judge recommends that the Court dismiss Plaintiff Tamia Jamison's ("Plaintiff's" or "Jamison's") case without prejudice due to her mental incompetency and current lack of representation by an attorney. (ECF No. 21 at PageID 158.) Plaintiff filed a timely objection on December 25, 2024. (ECF No. 22.)[1] Defendant filed its response to Plaintiff's objections on January 9, 2025. (ECF No. 23.)[2]

---

[1] In her objections, Plaintiff informs the Court that she did not receive the Magistrate Judge's Report and Recommendation by mail, which was her apparent means of notification. (Id. at PageID 160.) Plaintiff states she only learned of the filing when her attorney-in-fact checked the Court's electronic docket. (Id.) Plaintiff claims this deprived her of fourteen days to respond. (Id.) However, the fourteen-day clock only started running when Plaintiff received service of a copy of the Report and Recommendation, or in this case, when Plaintiff learned of it. Fed. R. Civ. P. 72(b)(2). The copy of the Report and Recommendation mailed to Plaintiff was returned to the Court on January 21, 2025, as undeliverable to a vacant premises. (ECF No. 24.)

[2] Defendant had fourteen days after being served with a copy of Plaintiff's objections to respond. Fed. R. Civ. P. 72(b)(2). Given Plaintiff's objection was filed on Christmas Day, the Court assumes Defendant received service the following day, December 26, 2024, and thus timely objected within fourteen days.

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DISMISSES WITHOUT PREJUDICE** Plaintiff's case. Thus, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss.

I.     BACKGROUND[3]

Plaintiff's original Complaint and Amended Complaint assert claims of tortious interference with workers' compensation rights and benefits; interference with Plaintiff's rights under the Fourteenth Amendment; negligent and intentional infliction of mental and emotional distress; breach of contract and/or retaliatory/discriminatory breach of contract; failure of the duty to bargain in good faith; and breach of fiduciary duty. (See, e.g., ECF No. 7 ¶¶ 11–16.)

    A.     Findings of Fact

On April 28, 2023, Plaintiff allegedly sustained a traumatic head injury involving a forklift while she was working for FedEx. (ECF No. 1-3 ¶ 6; ECF No. 1-4.) Plaintiff filed a workers' compensation claim on or about May 1, 2023. (ECF No. 22-1 at PageID 171.) Plaintiff alleges that she was terminated on May 21, 2023, while she was under a doctor's care and excused from returning to work until May 31, 2023. (ECF No. 7 ¶¶ 21, 26.) In an October 19, 2023, letter to the Bureau of Workers' Compensation, FedEx stated that Jamison was terminated because she did not return to work after being cleared to return after May 17, 2023. (ECF No. 1-7 at PageID 41.)

---

[3] This section incorporates information from throughout the Magistrate Judge's Order and Report. (ECF No. 21.) Neither Party objected to the factual findings as presented below. (ECF No. 23; see ECF No. 22-1.) Accordingly, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

Although Plaintiff disputes some of the facts referenced in the letter, she does not dispute that she was unable to return to work at the time of her termination. (See ECF No. 21 at PageID 157.)

B. **Procedural History**

　　i. Plaintiff's Amended Complaint

On June 10, 2024, Plaintiff filed a pro se Amended Complaint against FedEx. (ECF No. 7.)[4] Pursuant to Administrative Order No. 2013-05, the case was referred to the Magistrate Judge for management as well as for determination and/or report and recommendation on any pretrial matters as appropriate. On June 11, 2024, Plaintiff filed a motion to proceed *in forma pauperis*, (ECF No. 8), which the Magistrate Judge granted on July 3, 2024, (ECF Nos. 9, 11).

On July 23, 2024, FedEx moved to dismiss Plaintiff's Amended Complaint with prejudice. (ECF No. 13 at PageID 93.) FedEx requested dismissal for Plaintiff's failure to state a claim and failure to have counsel as a mentally incompetent person under Federal Rules of Civil Procedure 12(b)(6) and 17, respectively. (Id.)

　　ii. Plaintiff's Representation

In FedEx's Rule 26(f) Report, FedEx stated that Plaintiff did not attend the parties' scheduled Rule 26(f) conference. (ECF No. 14 at PageID 120.) Only Plaintiff's father, Terrell Gibson ("Gibson"), reportedly participated and advised that Plaintiff "was unavailable and would not comprehend any of the discussion due to her alleged injuries." (Id.) Plaintiff confirmed that information in her own Rule 26(f) Report, indicating that Gibson planned to proceed on her behalf as her "attorney in fact." (ECF No. 17 at PageID 133.) On July 26, 2024, the Magistrate Judge held a virtual scheduling conference, at which Plaintiff and Gibson both appeared. (ECF No. 18.)

---

[4] This matter was initiated on May 20, 2024, as a pro se Complaint filed in the name of "Terrell Gibson as Attorney in Fact for Tamia Jamison." (ECF No. 1.) Jamison subsequently filed the Amended Complaint in her own name. (ECF No. 7.)

3

When Gibson attempted to speak on Plaintiff's behalf, the Magistrate Judge informed Gibson that he could not represent Plaintiff in these proceedings because he is not an attorney. (ECF No. 21 at PageID 149.) The Magistrate Judge informed Gibson and Plaintiff that the Amended Complaint would be subject to dismissal if Plaintiff did not retain counsel. (Id.) Gibson requested additional time to find legal counsel for Plaintiff, which the Magistrate Judge granted. (Id.)

On August 29, 2024, Gibson sent an email stating that he had identified two law firms interested in taking Plaintiff's case and requesting additional time to secure attorney representation. (ECF No. 19-1.) The Magistrate Judge granted that extension. (ECF No. 19.)

On October 8, 2024, Plaintiff filed a Motion to Appoint a Guardian Ad Litem and/or Next Friend under Federal Rule of Civil Procedure 17. (ECF No. 20.)[5] Plaintiff claimed that, as a result of her injuries, "she is unable to represent herself due to diminished and impaired mental capacity and[/]or a diminished or impaired mental capacity that is equivalent to one who is incompetent." (ECF No. 20 at PageID 143.) Plaintiff also asserted that she had "exhausted all efforts" to obtain counsel but was unable to do so. (Id. at PageID 144.)

### iii. The Magistrate Judge's Order and Report and Recommendation

On December 11, 2024, the Magistrate Judge entered an Order Denying Appointment of Counsel and Report and Recommendation for Dismissal. (ECF No. 21.) Before the Magistrate Judge was Plaintiff's Motion for a Guardian Ad Litem, (ECF No. 19), and Defendant's Motion to Dismiss, (ECF No. 13). The Magistrate Judge found that Plaintiff did not lack a representative under Rule 17(c)(2) because Gibson, as Plaintiff's purported attorney in fact, was practically and

---

[5] Rule 17 allows a representative—that is, a general guardian, committee, conservator, or like fiduciary—to sue or defend on behalf of a minor or incompetent person. Fed. R. Civ. P. 17(c)(1). When a minor or incompetent person lacks such a representative, Rule 17 requires that the Court appoint one. Fed. R. Civ. P. 17(c)(2).

4

legally able to continue acting as Plaintiff's representative in this case. (ECF No. 21 at PageID 149.)

Finding that Rule 17 did not apply, the Magistrate Judge construed Plaintiff's request as a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Id. at PageID 149, 152); see also Clark v. Lafayette Place Lofts, No. 16-2489, 2017 WL 4956920, at *2 (6th Cir. Aug. 11, 2017) ("Pleadings filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers.") (citing Haines v. Kerner, 404 U.S. 519, 520) (per curiam). The Magistrate Judge reasoned that Plaintiff, as a mentally incompetent person who claims an inability to represent herself, required an attorney to maintain her suit. (ECF No. 21 at PageID 152.) The Magistrate Judge also found that, as a non-attorney, Gibson cannot act as Plaintiff's attorney in her pro se case. (ECF No. 21 at PageID 151); see also Biesecker ex rel. Biesecker v. Cerebral Palsy Ass'n, No. 17-2586, 2018 WL 3416384, at *5 (E.D. Pa. July 13, 2018) ("Power of attorney confers the authority to make certain legal decisions on behalf of another. It does not, however, authorize the holder to act as an attorney in court.") Appointment of counsel requires some likelihood of success for a pro se litigant's claims. Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993). Accordingly, the Magistrate Judge analyzed Plaintiff's claims under the Amended Complaint and found that denial of Plaintiff's construed motion was proper because Plaintiff "has brought no viable claims" against Defendant. (ECF No. 21 at PageID 153.)

Relying on the analysis of Plaintiff's construed motion, the Magistrate Judge made the following Report and Recommendation:

> As set forth above, Jamison is unrepresented by counsel, she is unable to represent herself, she has been unable to retain counsel, Gibson is not permitted to act as her counsel, and the Court has denied Jamison's request for appointment of counsel. Because Jamison may

>not maintain this action without an attorney, it is RECOMMENDED that this matter be dismissed without prejudice.

(Id. at PageID 158–59 (citing Khatri v. Dearborn Pub. Schs., No. 4:23-cv-12930, 2024 WL 3625313, at *4 (E.D. Mich. July 31, 2024) ("In cases where a layperson improperly attempts to represent another party pro se, 'the usual course of action is to dismiss the case without prejudice.'") (quoting Zanecki v. Health All. Plan of Detroit, 576 F. App'x 594, 595 (6th Cir. 2014))).)[6]

Plaintiff filed her objections to the Magistrate Judge's Order and Report and Recommendation, mostly attacking the Magistrate Judge's conclusions of law. (ECF No. 22-1.) In its Response, Defendant requested that the "Court adopt the Magistrate Judge's recommendation and dismiss this matter without prejudice." (ECF No. 23 at PageID 177.)

## II.     LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When a timely objection is filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate

---

[6] In support, the Magistrate Judge also cited 28 U.S.C. § 1915(e)(2), which provides that a court has the discretion to dismiss a complaint filed *in forma pauperis* at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." (Id. at PageID 159 n.4 (citing 28 U.S.C § 1915(e)(2)(B)).)

6

useless"). "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." Dionne v. U.S. Navy, No 2:24-cv-02027-MSN-cgc, 2024 WL 5245093, at *1 (citing Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)) (emphasis omitted).

## III. ANALYSIS

Before the Court is Defendant's Motion to Dismiss and the Magistrate Judge's Report and Recommendation. The Report and Recommendation relies in large part on the Magistrate Judge's analysis of Plaintiff's Motion for Guardian Ad Litem, construed as a motion to appoint counsel. (See ECF No. 21.) Thus, to the extent the Report and Recommendation relies on the Magistrate Judge's analysis of Plaintiff's Motion, the Court also considers Plaintiff's objections related to the analysis of her Motion. The Court does not, however, disrupt the Magistrate Judge's proper resolution of Plaintiff's Motion[7] and related denial of appointment of counsel as a pretrial matter in a pro se case.[8] Given Plaintiff's objections to the Magistrate Judge's interpretation of her Motion and other assertions against the Magistrate Judge,[9] the Court finds it prudent to briefly discuss a few related points.

First, in support of her Motion for a Guardian ad Litem, Plaintiff stated she is "unable to represent herself." (ECF No. 20 at PageID 143.) While a guardian ad litem (GAL) and an attorney

---

[7] Plaintiff claims that the merits of her Motion were never adjudicated. (ECF No. 22-1 at PageID 164.) The Magistrate Judge did, however, weigh the merits of Plaintiff's Motion before interpreting such as a request for appointment of counsel. (See ECF No. 21 at PageID 149.)

[8] Plaintiff also objects that she never consented to the assignment of the Case to the Magistrate Judge. (ECF No. 22-1 at PageID 165.) However, by Plaintiff's own cited authorities, a party's consent is not required for assignment of pre-trial matters to a magistrate judge. (See id. at PageID 164 (citing 28 U.S.C. § 636(b)(1)(B)).)

[9] Plaintiff asserts that "instead of the [Magistrate Judge] protecting her as an incompetent and unrepresented litigant, the [Magistrate Judge] violated her duties/responsibilities and chose to act as co-counsel for [] Defendant." (ECF No. 22-1 at PageID 165.) Plaintiff also "contends that the [Magistrate Judge] is trying to force Plaintiff out of the Court." (Id. at PageID 168.) These are serious allegations to make against a judicial officer, thus prompting the Court's discussion.

are both types of representatives, they serve significantly different functions in a legal proceeding. In her Objections, Plaintiff conflates the different types of "representation." (See ECF No. 22-1 at PageID 167 ("Gibson has refused to represent Plaintiff in this matter as her GAL as he is not an attorney."); ECF No. 22-1 at PageID 163–64 (Plaintiff claims she is "exercising her right to proceed with counsel… albeit as a GAL.")  A GAL, however, is not a substitute for an attorney. See AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1043 (E.D. Cal. 2015) ("[B]ecause a non-lawyer has no authority to appear as an attorney for others than himself, if a guardian ad litem is not a lawyer, he or she must be represented in turn by counsel.") (cleaned up) (internal citations omitted).  Additionally, appointment of someone other than Gibson[10] as Plaintiff's GAL would not solve Plaintiff's issue of lacking an attorney as a mentally incompetent person in a pro se matter, which the Court addresses further below.

Second, the Magistrate Judge properly construed Plaintiff's Motion as a request for appointment of counsel given Plaintiff's reports of exhaustion of options for counsel and the circumstances of Plaintiff's case.  This approach was also in line with the general spirit of increased but limited leniency in interpreting a pro se party's filings to preserve their access to the courts. See Clark, 2017 WL 4956920, at *2.  Assuming, for the sake of argument, Plaintiff intended for the Magistrate Judge to appoint a GAL who was also an attorney, the Magistrate Judge appropriately analyzed Plaintiff's likelihood of success under the standard for the appointment of counsel. See Lavado, 992 F.2d at 606.

---

[10] The record indicates that Gibson has effectively "represented" Plaintiff as a GAL would throughout the proceedings.  The Magistrate Judge's recognition of such is no "false narrative" about Gibson representing Plaintiff. (Contra ECF No. 22-1 at PageID 167.)  The record also supports the Magistrate Judge's warnings to Gibson about representing Plaintiff as an attorney.  (See, e.g., ECF No. 22-1 at PageID 162 (Gibson idenitifying himself as Plaintiff's "attorney in fact").)  Plaintiff even indicates that Gibson drafted her Objections, a continuing direct attempt by a non-licensed individual to act as an attorney.  (See ECF No. 22 at PageID 160.)

The Court now turns to the Magistrate Judge's Report and Recommendation.

**A. Recommendations without Proper Objections**

There were no objections filed to the Magistrate Judge's recommended conclusions of law as to Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1981. The Magistrate Judge correctly found that the Fourteenth Amendment, which only prohibits state action, does not apply because FedEx is not a state actor. (ECF No. 21 at PageID 157–58 (citing United States v. Morrison, 529 U.S. 598, 599 (2000)).) The Magistrate Judge also noted that Plaintiff "has alleged no facts suggesting that FedEx discriminated against her on the basis of race." (ECF No. 21 at PageID 158.) Thus, the Magistrate Judge correctly found that Plaintiff's § 1981 claim has an "extremely low chance of success." (See ECF No. 21 at PageID 158.) Finding no clear error, the Court **ADOPTS** these recommendations. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

Plaintiff purportedly objects to the Magistrate Judge's conclusion of law that the Tennessee Workers' Compensation Act (TWCA) "provides the exclusive remedy for Jamison's claims relating to her on-the-job injury" as it relates to her ability to recover damages in a retaliatory discharge case. (ECF No. 22-1 at PageID 170 (citing ECF No. 21 at 154), 174.) In support, Plaintiff points to Clanton v. Cain-Sloan, 677 S.W.2d 441 (Tenn. 1984), and its progeny regarding retaliatory discharge cases without further explaining how and why the Magistrate Judge's TWCA analysis was incorrect or how this Court's de novo review would change the outcome. (ECF No. 22-1 at PageID 170); see also Dionne, 2024 WL 5245093, at *1. Looking beyond the insufficiency of this objection on its face, the Magistrate Judge's proposed conclusions of law regarding TWCA preemption of Plaintiff's claims solely applied to the claims that related to Plaintiff's on-the-job injury, not her termination by FedEx. (See also ECF No. 21 at PageID 155 ("[Plaintiff's] sole

9

state-law claim not subject to preemption [by TWCA] is for retaliatory discharge").) Accordingly, Plaintiff's purported objection based on Clanton is not on point for the Magistrate Judge's TWCA preemption analysis and findings. Thus, it is not a proper objection triggering the Court's de novo review. See Fed. R. Civ. P. 72(b)(3). Finding no clear error, the Court **ADOPTS** the Magistrate Judge's recommendation that the TWCA preempts Plaintiff's claims to the extent they relate to Plaintiff's on-the-job injury. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

### B. Retaliatory Discharge

Plaintiff objects to the Magistrate Judge's proposed findings of fact and conclusions of law demonstrating that Plaintiff does not present a substantial claim for retaliatory discharge against FedEx. (ECF No. 22-1 at PageID 170–74.)

To state a claim for retaliatory discharge following an employee's claim for workers' compensation,

> a plaintiff employee must prove that (1) she was an employee of the defendant at the time of the injury, (2) she made a claim against the defendant for workers' compensation benefits, (3) the defendant terminated her employment, and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate her employment.

Cooper v. Wyndham Vacation Resorts, Inc., 570 F. Supp. 2d 981, 985 (M.D. Tenn. 2008) (citing Anderson v. Standard Reg. Co., 857 S.W.2d 555, 558 (Tenn. 1993)). Plaintiff must meet all elements for her case to proceed. See id.[11] The first three elements are not contested, (ECF No. 13-1 at PageID 106); however, Plaintiff has not demonstrated the fourth.

---

[11] In her Objections, Plaintiff appears to argue that the correct standard for a retaliatory discharge case is the burden-shifting analysis for Title VII or the Americans with Disabilities Act. (See ECF No. 22-1 at PageID 171; see also ECF No. 23 at PageID 180.)

In a retaliatory discharge case, the only actionable reason for termination is the plaintiff's claim for benefits. Spears v. SPi Am., LLC, et al., No. 3:11-CV-1208, 2012 WL 719663, at *9 (M.D. Tenn. Mar. 5, 2012). If there is no evidence that the plaintiff's claim was a substantial factor in their termination, it does not matter if the plaintiff was terminated for another reason, be it "a good reason, a bad reason, or no reason at all." Id. "Temporal proximity alone between the claim and the termination is insufficient" to prove the substantial factor element. Id. at *7. In Spears, the district court dismissed the plaintiff's retaliatory discharge claim where the plaintiff was fired two months after filing a workers' compensation claim. Id. at *8. The court found the plaintiff's allegations that "she was terminated for lack of production" and "could not perform her job for at least five weeks" showed her workers' compensation claim was not a substantial factor in her termination. Id. at *9.

Plaintiff's retaliatory discharge claim appears to fail for similar reasons. As in Spears, Plaintiff alleges no facts beyond temporal proximity (twenty days) to show that her workers' compensation claim was a substantial factor in her termination. (See ECF No. 7 ¶¶ 20–24); 2021 WL 719663, at *7. While Plaintiff is correct that temporal proximity is a fact to consider, (ECF No. 22-1 at PageID 170), it is not sufficient alone to prove a causal link. See 2021 WL 719663, at *7.

In her Objections, Plaintiff disputes the Magistrate Judge's factual finding that she was unable to return to work at the time of her termination. (ECF No. 22-1 at PageID 170.) The Magistrate Judge observed that Plaintiff "has not alleged that she could ever return to FedEx to productively perform her job, as she has repeatedly stated that her on-the-job injury left her in a 'diminished or impaired mental capacity that is equivalent to one who is incompetent.'" (ECF No. 21 at PageID 157 (citing ECF No. 20 at PageID 143).) This, along with FedEx's October 2023

11

letter, led the Magistrate Judge to conclude that, as in Spears, Plaintiff's "debilitating injury and the associated lack of productivity led to her termination, considerations that do not establish a workers' compensation retaliatory discharge claim." (ECF No. 21 at PageID 157 (quoting 2021 WL 719663, at *9).) In opposition, Plaintiff points to her doctor's clearance for her to return to work on May 31, 2023. (ECF No. 22-1 at PageID 170.) This clearance, however, does not address Plaintiff's ability to work at the time of termination on May 21, 2023. Additionally, the burden is on Plaintiff at this stage to show her workers' compensation claim was a substantial factor in her termination. See Cooper, 570 F. Supp. 2d at 985. Plaintiff's allegations as pled fail to do so.

### C. Dismissal without Prejudice

The most pertinent factual findings to the Magistrate Judge's recommendation for dismissal without prejudice are that Plaintiff is "unrepresented by counsel, she is unable to represent herself, [and] she has been unable to retain counsel." (ECF No. 21 at PageID 158.) Without objection and finding no clear error, the Court **ADOPTS** these findings. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition. A similarly salient legal conclusion is each claim as pled in Plaintiff's Amended Complaint "has an extremely low chance of success." (ECF No. 21 at PageID 158.) Thus, the Magistrate Judge recommended dismissal of Plaintiff's Amended Complaint without prejudice. (Id.)[12]

Plaintiff asserts that the Magistrate Judge was incorrect in her conclusion that Plaintiff cannot maintain this action without an attorney. (ECF No. 22-1 at PageID 163.) Plaintiff admits that she is mentally incompetent for the purposes of her representation in this matter. (See, e.g., ECF No. 20 at PageID 143.) While this gives her the right under Rule 17 to have a representative,

---

[12] Despite Plaintiff's objection that the Magistrate Judge's recommendation was without legal basis, (see ECF No. 22 at PageID 160–61), the Magistrate Judge cited caselaw and statutory law supporting her recommendation to dismiss Plaintiff's case without prejudice under the present circumstances. (ECF No. 21 at PageID 158–59 (citing Khatri, 2024 WL 3625313, at *4; 28 U.S.C. § 1915(e)(2)).)

she still requires the assistance of counsel to proceed. See White v. Emergency Med. Billing & Coding Co., No. 11-14207, 2013 WL 4551919, at *4 (recognizing the principle that a non-attorney representative for an incompetent person "must be represented by an attorney in order to conduct the litigation") (quoting Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009)). Simply proceeding with a non-attorney GAL would not resolve the current deficiencies with Plaintiff's Amended Complaint and would even risk Plaintiff forfeiting certain rights. See Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent") (internal quotations omitted). Additionally, as a pro se litigant proceeding *in forma pauperis*, Plaintiff has failed to show substantial claims against Defendant. See supra Part III. Thus, it is within the Court's power to dismiss the action without prejudice. See Khatri, 2024 WL 3625313, at *4; 28 U.S.C. § 1915(e)(2)).[13]

## IV.   CONCLUSION

Upon de novo review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion to Dismiss is thus **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 27th day of January, 2025.

>   */s/ Jon P. McCalla*
>   JON P. McCALLA
>   UNITED STATES DISTRICT JUDGE

---

[13] Plaintiff claims that the Magistrate Judge's recommendation is a denial of Plaintiff's access to the Court. (ECF No. 22-1 at PageID 169.) Plaintiff also apparently claims that the Magistrate Judge mischaracterized Plaintiff's Motion as a means for her recommendation of dismissal. (See id. at PageID 166.) However, the Magistrate Judge also had to consider Defendant's Motion to Dismiss. Granting that Motion would have resulted in a dismissal with prejudice, thus barring Plaintiff from bringing her claims against Defendant in the future. See Fed. R. Civ. P. 41(b); see also CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 645 F.3d 785, 795 (6th Cir. 2011).

13